IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY COOPER #R46315,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-CV-00730-MJR |
| | ) |
| **JAMES CHANDLER, and** | ) |
| **JAMES CHEATHAM,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**REAGAN, District Judge:**

Plaintiff Jeremy Cooper is currently in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center. On July 23, 2013, Cooper, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He alleges that on December 18, 2012, the defendant correctional officers, James Chandler and James Cheatham, used excessive force against him, in violation of the Eighth Amendment. More specifically, after Chandler escorted Plaintiff to his cell, Chandler threw plaintiff into the sink, injuring Plaintiff's wrist and leg; then, Cheatham punched Plaintiff in the neck, again causing bodily harm. Compensatory and punitive damages are sought. The complaint is currently undergoing threshold review pursuant to 28 U.S.C. § 1915A, so service of summons and the complaint has not commenced.

Along with the complaint, Plaintiff filed a motion for a temporary restraining order or preliminary injunction (Doc. 2). Plaintiff seeks a court order directed at Menard Correctional Center and its staff, ensuring Plaintiff's safety and security and his ability to pursue his current legal affairs unprejudiced. Plaintiff cites the December 2012 incident that is the

subject of the present action, an incident in January 2009, when a correctional officer allowed Plaintiff to be attacked by an inmate, and another incident in March 2013, when correctional officers flooded Plaintiff's cell, ruining important legal documents.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

In contrast, the United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d

1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing any opinion on the merits of Plaintiff's complaint, the Court is of the opinion that neither a temporary restraining order, nor a preliminary injunction should be issued in this matter.  Plaintiff does not indicate that the two defendants in the present action, Chandler and Cheatham, pose a threat to his safety or to his ability to litigate this action.  All of the incidents cited by Plaintiff occurred before this action was filed.  The purported example of officers endangering Plaintiff occurred four and a half years ago.  And, the March 2013 incident where Plaintiff's legal papers were destroyed is an extremely tenuous indication of retaliation.  Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm before Defendants can be heard.

Similarly, Plaintiff also falls short of demonstrating that a preliminary injunction is warranted.  He offers only conclusory assertions, absent *anything* to reasonably suggest that he is facing irreparable harm.

Accordingly, Plaintiff's motion for issuance of a temporary restraining order or preliminary injunction (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 24, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**