IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY COOPER, No. R46315,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00730-MJR |
| ) | |
| **JAMES CHANDLER, and,** ) | |
| **JAMES CHEATHAM,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jeremy Cooper, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Controlling Pleading

On July 23, 2013, Plaintiff initiated this action by filing a complaint against two guards at Menard, Defendants Chandler and Cheatham (Doc. 1). The complaint alleges that on December 18, 2012, Chandler and Cheatham used excessive force against Plaintiff while escorting him back to his cell after an appearance before the Adjustment Committee, in violation of the Eighth Amendment.

On August 12, 2013, Plaintiff submitted a "Supplemental Complaint," adding six defendants and several additional claims, but not including the original claims against Chandler

and Cheatham. Rather, Plaintiff indicates the "supplemental Complaint" is intended to add claims to those asserted in his original pleading—often referred to as amendment by interlineation.

Although Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its pleading once as a matter of course within 21 days after serving it, Plaintiff has not filed an amended complaint, per se. Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted; <u>all</u> claims against all defendants must be set forth in a single document. The "Supplemental Complaint," therefore, has been construed as a motion for leave to amend (Doc. 9). Plaintiff's motion (Doc. 9) must be denied, albeit without prejudice.

The Court will proceed to review the original complaint, as required under Section 1915A.

## Analysis of the Complaint

As already noted, the complaint (Doc. 1) alleges that on December 18, 2012, Correctional Officers Chandler and Cheatham used excessive force against Plaintiff while escorting him back to his cell after an appearance before the Adjustment Committee, in violation of the Eighth Amendment. More specifically, Chandler threw plaintiff into a steel sink, injuring Plaintiff's wrist and leg. Defendant Cheatham punched Plaintiff in the neck.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy,* 559 U.S. 34 (2010); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-

faith effort to maintain or restore discipline.' " *Wilkins,* 559 U.S. at 37 (citing *Hudson v. McMillian,* 503 U.S. 1, 6 (1992)).

The complaint sets forth a colorable Eighth Amendment claim against both Chandler and Cheatham; therefore, this action shall proceed.

### Pending Motion

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion to amend the complaint (Doc. 9) is **DENIED** without prejudice.

Plaintiff's Eighth Amendment excessive force claims against Defendants **JAMES CHANDLER** and **JAMES CHEATHAM** shall proceed.

The Clerk of Court shall prepare for Defendants **JAMES CHANDLER** and **JAMES CHEATHAM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**